UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TERRY LYNN KING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:99-cv-454 |
| | ) | (Jordan/Shirley) |
| | ) | |
| RICKY BELL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner is incarcerated on death row. In addition to motions for summary judgment, there are several non-dispositive motions pending before the court.

Petitioner has filed a motion for an order to show cause why counsel for respondent should not be held in contempt of court. Respondent's motion for an extension of time to respond to the show cause motion [Court File No. 231] is **GRANTED NUNC PRO TUNC** as of October 26, 2006.

Petitioner's quest to have counsel for respondent held in contempt relates to this court's previous order prohibiting (now former) Tennessee Attorney General Paul Summers from participating in the defense of this case and requiring an effective screening mechanism

in the Attorney General's Office. The reason for that order was that Mr. Summers presided in state court over the appeal of petitioner's post-conviction proceeding and was made privy to information to which respondent is not entitled. After the court's order prohibiting Mr. Summers' involvement in the case, pleadings by respondent were filed under the name of Solicitor General Michael E. Moore.

Subsequently, however, Jennifer L. Smith, an associate deputy attorney general, filed a motion to ascertain status of case under the name of Paul G. Summers, Tennessee Attorney General. For that reason, petitioner seeks to hold Mr. Summers in contempt of court for violating the order that he not participate in this case. Petitioner also seeks to disqualify Ms. Smith and Mr. Moore from further participation in the case.

In response to the petitioner's motion, Ms. Smith states that the appearance of Mr. Summers' name on the pleading in question was the result of a word-processing error and oversight on the part of Ms. Smith, and that Mr. Summers was not even aware that the motion to ascertain status of case had been filed. In support of her response, Ms. Smith has filed her affidavit as well as the affidavits of Mr. Summers and Mr. Moore. Ms. Smith also moves to substitute a corrected motion to ascertain status of case, which correctly sets forth the names of counsel for respondent.

Under the circumstances, petitioner's motion for an order to show cause [Court File No. 230] is **DENIED**. Respondent's motion to substitute a corrected motion to ascertain status of case [Court File No. 232] is **GRANTED**. The Clerk is **DIRECTED** to

**SUBSTITUTE** the proposed corrected copy of the motion to ascertain status of case for the motion previously filed with the court.

Respondent's motion to ascertain status of case [Court File No. 229] is **GRANTED**, to the extent respondent is advised that the court will issue a ruling on the habeas corpus petition in due course.

**ENTER:**

s/ Leon Jordan
United States District Judge